**FILED**
Sep 30, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SANDEEP S. S.,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX FACILITY,

Respondent.

No. 1:26-cv-07431-RLP

ORDER DISMISSING HABEAS PETITION

Before the Court is Petitioner Sandeep S. S.'s[1] ("Petitioner") petition for writ of habeas corpus, ECF No. 1. Petitioner is representing himself in this case.

[1]The Court uses Petitioner's first name and last initial to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social

He asserts his detention by immigration authorities is unlawful, and he requests the Court excuse the administrative exhaustion requirements for appeal and order his immediate release. *Id.* Respondent Warden of the Golden State Annex Facility ("Respondent") opposes the petition, contending that Petitioner's detention is lawful and Petitioner has not exhausted administrative remedies as necessary. ECF Nos. 5–6. The Court concludes that Petitioner is not excused from prudential exhaustion requirements and therefore dismisses the petition without prejudice.

## BACKGROUND

United States Department of Homeland Security records indicate Petitioner is a citizen of India who was arrested by deportation officers on August 5, 2026, for being present in the United States without admission or parole. ECF No. 1 at 12–13. On September 4, 2026, an immigration judge conducted a bond hearing and denied Petitioner's release. ECF No. 6-2. Petitioner has not appealed the immigration judge's decision. *See* ECF No. 1 at 6.

Petitioner requests the Court excuse his failure to appeal because the administrative exhaustion requirement is prudential, and Petitioner contends that

---

Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

requiring exhaustion will cause irreparable injury. *Id.* Petitioner claims the denial of bond was due to "an uncharged and conclusory allegation" that he "was part of an 'active shooting investigation.'" *Id.* He claims that due to the Form I-213 that describes the active shooting investigation, any appeal will be fruitless because the immigration judge already denied bond based on the "conclusory record." *Id.* at 7. Additionally, Petitioner argues that the immigration judge failed to consider "material favorable evidence" regarding Petitioner's risk of flight. *Id.*

## EXHAUSTION OF REMEDIES

Although exhaustion under 28 U.S.C. § 2241 is prudential rather than jurisdictional, the Ninth Circuit generally requires a noncitizen challenging an immigration custody determination to exhaust available administrative remedies before seeking habeas relief. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

Section 236.1(d) of Title 8 of the Code of Federal Regulations provides an administrative remedy after an initial immigration custody determination: a detainee may seek a custody redetermination before an immigration judge and appeal an adverse determination to the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 236.1(d) (2026). In *Leonardo*, the Ninth Circuit held that a detainee who sought habeas review of an immigration judge's bond determination without first

appealing to the BIA had taken an improper "short cut," and directed dismissal without prejudice. *Leonardo*, 646 F.3d at 1160.

If a petitioner has not exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54–55 (1995). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted).

In contrast, courts may excuse prudential exhaustion when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The *Puga* factors do not support excusing Petitioner from the prudential exhaustion requirement. The first *Puga* factor is whether agency expertise is

required to create a proper record and reach a proper decision. *Puga*, 488 F.3d at 815. The BIA has expertise on immigration cases and is the "appropriate body to first pass on the claims in order to generate a proper record for review." *Id.* at 815; *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995). Therefore, the first *Puga* factor weighs in favor of requiring exhaustion.

The second factor, whether a "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme," *Puga*, 488 F.3d at 815, also weighs in favor of requiring exhaustion. Relaxing the exhaustion requirements in this case would encourage others to immediately seek habeas review if they deem the federal courts to be a more sympathetic forum. *See Vig v. Albarran*, No. 1:26-cv-1252-DAD-JDP, 2026 WL 1346686, at *2 (E.D. Cal. May 14, 2026). As described above, a detainee must usually first seek a custody redetermination before an immigration judge and then appeal to the BIA before filing a petition for habeas corpus in the district court. 8 C.F.R. § 236.1(d). Bypassing BIA review is not appropriate given the BIA's expertise on the subject and may "encourage the deliberate bypass of the administrative scheme." *See Puga*, 488 F.3d at 815. Therefore, the second *Puga* factor weighs in favor of requiring exhaustion.

The third factor, whether "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review,"

*Puga*, 488 F.3d at 815, also weighs in favor of requiring exhaustion. The BIA "has the authority to correct the erroneous factual determinations and evidentiary errors alleged" by Petitioner. *See Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025) (citing 8 C.F.R. § 1003.1(d)(3)(i)–(ii)). The BIA's review of the immigration judge's order would "allow the agency to correct its own mistakes" and potentially "preclude the need for judicial review." *See Hernandez*, 872 F.3d at 988.

Petitioner argues that the denial of bond was due to "an uncharged and conclusory allegation" that he "was part of an 'active shooting investigation.'" ECF No. 1 at 6. He claims that any appeal will be fruitless because of the "conclusory record" based on the Form I-213 that describes the active shooting investigation. *Id.* at 7. Finally, he argues the immigration judge failed to consider "material favorable evidence" regarding his risk of flight. *Id.* Petitioner's arguments are factual and evidentiary issues, and the BIA has the authority to correct these errors if warranted. 8 C.F.R. § 1003.1(d)(3)(i)–(ii). Therefore, the third *Puga* factor weighs in favor of requiring exhaustion.

Although the *Puga* factors weigh in favor of requiring exhaustion, Petitioner argues the Court should excuse exhaustion because he will suffer irreparable injury. ECF No. 1 at 6. Petitioner asserts he will suffer irreparable injury because

the appeal process with the BIA "will take several months and the BIA is highly likely to reach the same conclusion under the law." *Id.*

Even if the *Puga* factors weigh in favor of requiring exhaustion, the Court may waive the requirement if irreparable injury will result. *Laing*, 370 F.3d at 1000–01. "Courts in this Circuit have regularly waived exhaustion requirements for noncitizens who face irreparable injury from being detained for months without a bond hearing, and where several additional months may pass before the BIA renders a decision on a pending appeal." *Scott v. Wamsley*, No. 2:25-CV-1819, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025), *reconsideration denied*, No. 2:25-CV-1819, 2026 WL 83971 (W.D. Wash. Jan. 12, 2026). Petitioner was arrested on August 5, 2026, and a bond hearing occurred on September 4, 2026. ECF No. 1 at 12–13; ECF No. 6-2. Thus, petitioner has been detained for nearly two months and has had a bond hearing, albeit unfavorable to Petitioner. Although the Court does not know how long appealing to the BIA will take, Petitioner has not been "detained for months without a bond hearing." *See Scott*, 2025 WL 3514304, at *4. Thus, Petitioner does not yet face irreparable injury requiring waiver of exhaustion.

\\

\\

\\

Because waiver of exhaustion is not presently warranted, Petitioner's petition for writ of habeas corpus is dismissed without prejudice.

**Accordingly, IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. 1**, is **DISMISSED** without prejudice.

2. Judgment shall be entered for Respondent.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order, provide copies to petitioner and counsel, and **CLOSE** the file.

DATED September 29, 2026.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE